IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENJAMIN OBI NWOYE., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 07 C 4931 |
| v. | ) |
| | ) JUDGE DAVID H. COAR |
| | ) |
| LINDA ADDISON WILL , | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Benjamin Obi Nwoye ("Nwoye") is suing Defendant Linda Will ("Will") for breach of contract for attorney fees and costs. Will brings this motion to dismiss for lack of jurisdiction in federal court. For the reasons set forth below, Defendant's motion to dismiss is GRANTED..

I. **I. FACTS**

Defendant Linda Will is the mother of Rashidi Wheeler, deceased. On August 3, 2001, Rashidi died during a football practice at Northwestern University ("Northwestern"), where he was a member of the football team. After his death, an estate was opened in the Circuit Court of Cook County and Linda Will and George Wheeler Jr. (Rashidi's father) were appointed Independent Co-Administrators of the estate.

A wrongful death/survival lawsuit was filed against Northwestern and others on behalf of "Linda A. Will, and George Wheeler, Jr. As Independent Co-Administrators of the Estate of

Rashidi Wheeler, deceased." Initially the Cochran law firm represented Will and her two children. George Wheeler, Jr. Was represented by Corboy & Demetrio. The case had a difficult history in state court.[1] Will discharged the Cochran firm twice, rehired them twice, and at the time of the settlement of the wrongful death action was pro se.

Somewhere in the middle of the counsel changes, A. Denison Weaver, Ltd. ("Weaver" and Plaintiff, Benjamin Obi Nwoye ("Nwoye") were retained to represent Will in the wrongful death/survival action. The retention agreement is signed by "Linda Addison Will, Co-Administrator of the Estate of Rashidi Wheeler, Deceased." The agreement provides that Weaver and Nwoye were to receive, as compensation, one-third of any sums recovered in the action, less any amount awarded to Will's predecessor attorneys. Settlement was $16 million or less and Will was removed as independent co-administrator, in which case the retainer agreement would be void. It then states that Weaver and Nwoye would receive a per diem of $300.00 per hour. The agreement also provided for payment to Weaver and Nwoye for any costs incurred.

At some point Weaver died. Nwoye alleges that he represented Will in a dependency hearing and provided transportation, airfare and hotel accommodations for Will, her two children, and her witnesses during court hearings. He does not explain what a "dependency hearing" is, whether the client for purposes of that hearing was Will or the estate, or how that proceeding is related to the issues in this case. For present purposes, this court will assume that the dependency proceeding was related to the wrongful death/survival action.

---

[1] The State Court Judge described the history as follows: "This case has had a particularly arduous and complex journey through the civil litigation system. Emotions have run high on all sides, between attorneys and parties alike, and understandably so, in most instances. There has been a mountain of motion practice, contentious evidentiary hearings, depositions which degenerated to the point of this Court ordering a discovery monitor to quell inappropriate behavior, protective orders prohibiting the presence of armed guards, destruction of medical records, charges of cover-up, evidence stored in home closets, removal of the case to a New Jersey federal court, a return to Illinois, and an appeal which was just decided on July 15, 2005." Memorandum and Opinion Approving Settlement, August 15, 2005.

On or about June 9, 2005, a Guardian Ad Litem was appointed to represent the interests of certain minor heirs of Rashidi. On or about July 11, 2005, the Guardian submitted a report recommending acceptance of a $16 million settlement recommended by a mediator in the wrongful death action. On or about August 15, 2005, Judge Kathy Flanagan of the Circuit Court of Cook County entered a Memorandum Opinion and Order approving the $16 million settlement.

At some point prior to August 15, 2005, Will discharged Nwoye and Weaver. On March 16, 2006, Judge Flanagan entered a distribution order and awarded Will 70% of the $16 million settlement proceeds. The Cochran firm was awarded 1/3 of the settlement proceeds in the March 16, 2006 distribution order. It is unclear whether Nwoye petitioned for fees in the Circuit Court. After the distribution order was appealed, Nwoye filed notice of attorney's lien in Circuit Court and that matter was dismissed. Presumably for lack of jurisdiction during the pendency of the appeal.

In the complaint in this case, Nwoye seeks to recover 1/3 of the amount received by Will and her sons under a breach of contract claim. Under the procedures of the Circuit Court of Cook County, any distribution of the settlement proceeds–even as to the wrongful death claims–must be ultimately approved by the Probate Court of Cook County.

> In wrongful death actions brought by a personal representative appointed by the Probate Division, the distributable amount is administered in the Probate Division.
> ...The order approving the settlement or entering the judgment in such actions shall provide that the amount distributable is an asset of the decedent's estate and shall be distributed through the Probate Division pursuant to the provisions of the Probate Act, 755 ILCS 5/1 et seq. Upon the entry of the order, the representative shall file a petition in the Probate Division requesting the entry of an order authorizing the representative to accept the distributable amount and fixing the approving the bond or other security required pursuant to the settlement or judgment.

Procedures Concerning Settlement of Minors' and Disabled Persons' Personal Injury and Wrongful Death Cases & Sample Orders, March 2007. That has not happened yet.

## II. LEGAL STANDARD

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. See *Transit Exp. Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). On a motion to dismiss under Rule 12(b)(1), the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Kontos v. Dep't of Labor,* 826 F.2d 573, 576 (7th Cir. 1987). When a party moves for dismissal under Rule 12(b)(1), the nonmoving party must provide competent proof of jurisdictional facts to support its allegations. *Thomason v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942); Kontos, 826 F.2d at 576.

## III. ANALYSIS

Defendant moves to dismiss on the ground that diversity jurisdiction is not met, because Defendant, while personally a citizen of California, is acting as an appointed co-executor of the estate of Rashidi Wheeler, who resided in Evanston Illinois. Plaintiff argues that he is suing Defendant in her individual capacity, and not the estate of Rashidi. There is no dispute that Rashidi was a Illinois resident, and his estate properly resides in the state of Illinois.

This case is complicated by the fact that the state court action included wrongful death and survival act claims. To the extent that Nwoye represented the estate (or Will as an administrator of the estate), there is no diversity and this court has no jurisdiction. There are

several facts that indicate Nwoye represented the estate. The original suit was on behalf of the estate of Rashidi Wheeler, and the contact was signed by Defendant as "Linda Addison Will, Co-Administrator of the Estate of Rashidi Wheeler, Deceased." The language indicates that Defendant was acting on behalf of the estate of Rashidi, and not in her individual capacity. Further, the amount recovered goes to the estate, and the attorneys fees are drawn from this amount, as specified by the contract. Because the undistributed estate resides in Illinois, and the Defendant was acting on behalf of the estate when signing the contract, the contract was between parties who both resided in Illinois. The breach of contract suit lacks diversity jurisdiction in this court. Even if this court believed that there was diversity of citizenship (and it does not), it would be difficult to establish the jurisdictional amount. The agreement with Will (as co-administrator) provides that any amounts payable to Nwoye would be reduced by amounts ordered payable to predecessor attorneys. The distribution order awarded one-third to the Cochran firm. Thus, it is doubtful whether any claim by Nwoye could approach the necessary amount.

Further, even if Nwoye represented Will individually on the wrongful death claim, this claim is properly before the Probate Division and the probate exception bars jurisdiction in this court as well. At best, this dispute concerns competing claims to the estate *res* (the settlement proceeds). The Seventh Circuit has recognized that certain probate and domestic-relations cases are barred from federal court. *Struck v. Cook County Pub. Guardian*, 2007 U.S. App. LEXIS 27241 (7th Cir. 2007). Included in these are proceedings involving the administration of a decedent's estate before the probate court. *Id*. The Seventh Circuit stated, "They are fights over a property or a person in the court's control. And a court other than the one that controls the *res*–[*sic*] the property in the decedent's estate–should not be permitted to elbow its way into a

fight." *Id.* For this reason, this case is also barred from federal jurisdiction by the probate exception.

**IV. CONCLUSION**

For the foregoing reasons, this case is dismissed for lack of jurisdiction. Civil case closed.

Enter:

/s/ David H. Coar

David H. Coar

United States District Judge

Dated: **December 10, 2007**